18-1565 (L)
*Trainum v. Rockwell Collins*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

L. SCOTT TRAINUM, as Sellers' Representative,

> *Plaintiff–Third-Party-Defendant–Counter-Defendant–
> Appellant–Cross-Appellee,*

> v.                                        No. 18-1565(L); 18-1676(XAP)

ROCKWELL COLLINS, INC.,

> *Defendant–Third-Party-Plaintiff–Counter-Claimant–
> Appellee–Cross-Appellant,*

BRADLEY SMITH, BRYAN S. TRAINUM, ANN C. BREWER,

> *Defendants–Third-Party-Defendants.*
_____

FOR APPELLANT–CROSS-APPELLEE:        GREGORY J. DUBOFF, Matthew A. Fitzgerald, , Michael L. Simes, Aaron F. Jaroff, McGuireWoods LLP, Richmond, VA.

FOR APPELLEE–CROSS-APPELLANT:        THOMAS J. HALL, Michael Bhargava, Norton Rose Fulbright US LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 9, 2018, is **AFFIRMED**.

L. Scott Trainum ("Trainum") and Rockwell Collins, Inc. ("Rockwell Collins") cross-appeal from the district court's judgment, entered in part at summary judgment and in part following a 15-day bench trial, resolving the parties' cross-claims. Their dispute arises from an acquisition agreement (the "Agreement") pursuant to which, in 2015, Rockwell Collins purchased all outstanding stock of International Communications Group ("ICG"), a satellite communications company of which Trainum was then the CEO and majority shareholder. Rockwell Collins subsequently pursued fraud and breach of contract claims against Trainum. Trainum entered into the Agreement as the representative of the selling ICG shareholders. He continues to represent those individuals during the litigation. Other parties to the suit include Trainum's son Bryan, a Vice President with ICG, and two other ICG executives.

The dispute's core lay in certain representations and omissions made by ICG as to the stage of development reached by two featured ICG products (the "Products") at the time of the sale. Rockwell Collins claims it was severely misled by ICG in this regard and that ICG's fraudulent or grossly negligent conduct vitiated the Agreement's $5 million cap on damages both under the Agreement's terms and under New York state law. ICG denied these allegations. In addition, Bryan Trainum counterclaimed against Rockwell Collins for terminating his employment post-acquisition, allegedly without cause. He claimed to be

owed a substantial sum by Rockwell Collins under the provisions of his employment agreement.

The district court dismissed Rockwell Collins's claim for common law fraud against Scott Trainum at summary judgment, and found, following the bench trial, that Bryan Trainum lacked the requisite intent to be liable for common law fraud. It further concluded that Scott Trainum, as the Sellers' Representative, was liable for the breach of three specific warranties made in the Agreement. The court did not find that those breaches were effected with fraudulent intent, however, and so left the contractual damages cap undisturbed. These rulings limited Rockwell Collins's recovery for the warranty breaches to $5 million dollars—the amount of the district court's damages awarded to the firm.

On appeal, Rockwell Collins challenges the district court's ruling in favor of the Trainums on the fraud claims. It also assails the district court's conclusion after trial that its proof of fraud or intentional breach fell short of that needed to avoid the contractual damages cap. As to Bryan Trainum's employment claim, Rockwell Collins challenges the district court's findings that he was terminated without cause and is therefore owed the payment guaranteed in his employment contract. For his part, Scott Trainum challenges the district court's calculation of the damages due Rockwell Collins for the three warranty breaches identified by the court after trial.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's rulings in all respects.

When reviewing a judgment entered after a bench trial, we will not set aside the district court's findings of fact "unless [they are] clearly erroneous." Fed. R. Civ. P. 52(a)(6); *see also Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson,* 470 U.S. at 574. In particular, we "must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). "It is within the province of the district court as the trier of fact to decide whose testimony should be

credited." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). As trier of fact, the judge is "entitled, just as a jury would be, to believe some parts and disbelieve other parts of the testimony of any given witness." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC,* 631 F.3d 42, 52 (2d Cir. 2011) (internal citations omitted). In contrast, we review *de novo* the district court's conclusions of law and its application of the law to the facts. *See, e.g., Henry v. Champlain Enters., Inc.,* 445 F.3d 610, 617–18, 623 (2d Cir. 2006). We review the district court's conclusions as to mixed questions of law and fact "either *de novo* or under the clearly erroneous standard, depending on whether the question is predominantly legal or predominantly factual." *United States v. Skys,* 637 F.3d 146, 152 (2d Cir. 2011) (quoting *United States v. Thorn*, 446 F.3d 378, 387 (2d Cir. 2006) (internal alterations omitted)).

No party has identified, and we have not found, any error of law in the district court's opinion at summary judgment or in its detailed and thorough conclusions of law issued following the bench trial. Reviewing the district court's factual findings, and mindful of our duty to defer to that court's credibility determinations, we also find no error, never mind clear error, in its findings of fact. A "district court's finding with respect to intent . . . is generally a factual determination limited by the dictates of Rule 52(a)." *Pullman-Standard v. Swint*, 456 U.S. 273, 298 (1982). The district court determined that the ICG employees and sellers did not act with the intent to deceive in omitting to disclose certain flaws in the Products or in communicating the status of the Products' development to Rockwell Collins before the sale. Rockwell Collins has pointed to no evidence in the record that compels us to conclude that the district court's determination in this respect was clearly erroneous. Further, and substantially for the reasons set forth in its methodical opinion, we conclude that the district court's adjudication of Bryan Trainum's claim for contract damages was not erroneous. For these reasons, we are unpersuaded by Rockwell Collins's arguments on cross-appeal.

Finally, with respect to Trainum's appeal, we conclude that the district court's calculation of damages was reasonable and well-supported by the record. As we previously have observed, "New York courts have significant flexibility in estimating general damages once the fact of liability is established," and "[t]o the extent certain variables must be

4

assumed in order to arrive at a reasonable estimate, the district court may do so." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 112 (2d Cir. 2007). Here, the district court made the factual determination that Rockwell Collins's purchase of ICG was motivated in large part by its desire to beat its competitors to market with the Products. It thus placed particular value on the Products' "swift completion." Sp. App'x 64. Rockwell Collins presented evidence that the Products cost approximately $17 million more to complete than ICG had estimated, and the district court noted Rockwell Collins's allegations that the extra costs were as high as $24 million. Given these findings, it was reasonable for the district court to conclude that, had Rockwell Collins known of the Products' serious design flaws and the delays that they were likely to cause in getting the Products to market, the firm would have insisted on a discount of *at least* $3.18 million in ICG's sale price. This discount amounts to less than five percent of the total sale price set in the Agreement—a modest reduction in light of the delay and the significant additional costs incurred by Rockwell Collins. Because, under the damages cap, the district court could award no more than this amount, it was not necessary for it to engage in a more precise damages calculation. *See Trachtebel*, 487 F.3d at 110 (prevailing plaintiff in a breach-of-contract case must show only "a stable foundation for a reasonable estimate" of the loss). Nor was any such calculation necessary to enable this panel to engage in a meaningful review of the district court's ultimate finding. Therefore, contrary to Trainum's argument, the district court's explanation of the facts and methodology underpinning its damages calculation did not violate Federal Rule of Civil Procedure 52(a). *See Henry v. Champlain Enter., Inc.*, 445 F.3d 610, 622 (2d Cir. 2006) (courts are required to "adequately explain the subsidiary facts and methodology underlying the ultimate finding" (internal quotation marks omitted)); *Badgley v. Santacroce*, 815 F.2d 888, 889 (2d Cir. 1987) ("A principal purpose of [Rule 52(a)] is to permit the appellate court to review the decision.").

* * *

We have considered the parties' remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
